NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN GRIFFIN,<br><br>              Plaintiff,<br><br>v.<br><br>TOWNSHIP OF CLARK and DENIS E. CONNELL,<br><br>              Defendants. | Civil Action No.: 09-4853 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matters comes before the Court on Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff's Complaint asserts the following claims: a 42 U.S.C. § 1983 claim against Police Chief Denis Connell; a § 1983 claim against the Township of Clark ("the Township"); a defamation claim against Chief Connell; and a New Jersey constitutional violation claim against the Township.  The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons discussed below, Defendants' motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff Glenn Griffin is a police officer with the Township.  (Compl. ¶ 7.)  Officer Griffin was previously President of the Police Benevolent Association ("PBA").  (Id. at ¶ 9.) "On or about May 6, 2008, Officer Griffin received notification by Captain Kevin White that he

was the subject of an Internal Affairs investigation regarding his 'suspicious activity on [the] Clark PBA American Express card." (Id. at ¶ 10.) Officer Griffin asserts that the "clear and unambiguous purpose of the Internal Affairs investigation was to investigate and determine whether [he] intentionally and unlawfully received membership award points onto his own personal American Express Card through the use of the PBA American Express Card." (Id.) Officer Griffin alleges that the Internal Affairs investigation was initiated by Chief Connell on behalf of the Township, and [that] "Defendants failed to conduct any meaningful investigation into the alleged wrongdoing." (Id. at ¶¶ 12, 14.) Officer Griffin alleges that he and Chief Connell have long had an acrimonious relationship, and that Chief Connell "used the so-called Internal Affairs investigation as a vehicle to disparage, slander or otherwise damage [his] good reputation in the law enforcement opportunity." (Id. at ¶¶ 10, 12.)

       The "investigation was conducted by Captain Kevin White of the Clark Police Department with the assistance and oversight of the Union County Prosecutor's office." (Id., at Ex. B.) Officer Griffin received a letter from Chief Connell on September 30, 2008, informing him that "the investigation has concluded and the allegation is sustained." (Id.) According to the Attorney General guidelines for Internal Affair investigations, a finding of "sustained" means: "The investigation disclosed sufficient evidence to prove the allegation, and the actions of the officer violated a provision of the agency's rules and regulations or procedures." (Internal Affairs Policy & Procedures, available at www.nj.gov./lps/dcj/agguide/internalaffairs2000v1_2.pdf (as referenced in the Certification of Howard P. Lesnik in Exhibit B attached to Defendants' motion to dismiss) [hereinafter "Internal Affairs Guidelines"], at 11-21.) The letter from Chief Connell further informed Officer Griffin that "[a]s the statute of limitations for any criminal

charges has expired, none will be filed[, and] [a]t the recommendation of the Prosecutor's Office, this matter is being returned to Local #125 for appropriate administrative action." (Compl., Ex. B.) Officer Griffin alleges that this sustained finding will become part of his personnel file. (See id., at ¶ 16.) He states that his "professional reputation and continual effectiveness as a law enforcement officer will be forever damaged so long as Chief Connell's Internal Affairs report remains unchallenged and part of his personnel file." (Id.) As a result of the sustained finding, he alleges that he has lost "employment opportunities within and outside the police department and in law enforcement." (Id. ¶ 17.)

Officer Griffin asserts that the "investigation was initiated in violation of New Jersey Attorney General guidelines insofar [as] the Defendants failed to provide, among other things, . . . an opportunity to be heard, or a fair hearing." (Id. at ¶ 13.) He alleges that he was not even afforded an opportunity to present evidence. (Id. at ¶ 17.) For investigations of serious complaints, those which "indicate[] the possibility of a criminal act on the part of the subject officer," the Attorney General guidelines instruct that "[t]he internal affairs investigator should interview the . . . subject officer" even though interviewing subject officers may present certain difficulties given an individual's right against self-incrimination. (Internal Affairs Guidelines, at 11-22, 11-23, 11-36, 11-37.)

In addition to allegations relating to the commencement and conduct of the investigation, Officer Griffin also alleges that, after the conclusion of the investigation, "Chief Connell published, and allowed to be circulated within the police department, [the] highly confidential and slanderous Internal Affairs report sustaining the . . . complaint [against him]." (Id. at ¶ 15.) He states that "[a]s a result of Chief Connell's baseless and unauthorized publication of

defamatory statements Officer Griffin's property interest has [been] damaged and his professional reputation unfairly tarnished." (Id.)  He further alleges that, because of the "defamatory remarks" by Chief Connell, his "employment opportunities outside of the Clark Police Department have been unduly diminished or destroyed" and that his "opportunities for advancement within and outside the Clark Police Department have been diminished if not destroyed." (Id. at ¶¶ 18, 20.)  Officer Griffin also asserts that, because the "defamatory remarks [are] . . . part of his personnel file, [he] will be compelled to further publish [the] defamatory remarks to prosecutors and defense attorneys in criminal prosecutions in accordance with Brady . . . and Giglio . . ., thereby causing him extreme public humiliation and embarrassment as well as substantial damage to his professional reputation and credibility as a police officer in criminal prosecutions." (Id. at ¶ 19.)

      Finally, Officer Griffin alleges that "[i]n response to Chief Connell's [September 30] letter, [he] served, through his attorney, a notice of claim upon the Township of Clark and Chief Connell . . . alleging defamation and other common torts." (Id. at ¶ 21.)  He states that the "purpose of [the] notice of claim was to alert the Defendants of his intent to seek judicial redress in a court of law." (Id.)  Officer Griffin alleges that, in retaliation for his filing of the notice, "Chief Connell began to harass, embarrass, ostracize and otherwise retaliate against [him] in the police department, including depriving him of favorable work assignments, details and benefits normally confer[red] upon a police officer of his rank and experience." (Id. at ¶ 22.)

## II.    LEGAL STANDARD

      For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. However, a plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated.

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original). Here, Defendants attach to their motion a portion of the New Jersey Attorney General guidelines for the conduct of Internal Affairs investigations and provide a website address containing a full copy of the guidelines. Plaintiff referred to these guidelines in his Complaint, and his Complaint is based in part on failure to follow the guidelines. Therefore, the guidelines

are properly considered by the Court for purposes of the present motion to dismiss.

### III.    DISCUSSION

#### A.    Subject Matter Jurisdiction

Counts I and II state claims pursuant to 42 U.S.C. § 1983 against Chief Connell and the Township. Counts III and IV assert claims under state law. Defendants argue that Officer Griffin's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants argue that "[a] fair reading of the allegations set forth in the Plaintiff's complaint are prayers for relief from state torts, not federal right deprivations." (Br. in Supp. of the Mot. to Dismiss on Behalf of Defs. Township of Clark and Denis E. Connell [hereinafter "Defs.' Br."], at 18-19.) This claim has no merit. Officer Griffin's Complaint clearly asserts federal § 1983 claims against Defendants; this Court has federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Additionally, the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

#### B.    Section 1983 Claim Against Chief Connell

Officer Griffin brings a § 1983 claim against Chief Connell alleging violations of his civil rights guaranteed under the United States Constitution. As an initial matter, Defendants' motion appears to focus almost exclusively on Officer Griffin's municipal liability § 1983 claim against the Township. The only argument that Defendants appear to make addressing Officer Griffin's § 1983 claim against Chief Connell is on page 14 of their brief. They state:

> In Counts I and II of the Complaint, the Plaintiff makes various claims of constitutional violations under § 1983. It is clearly evident from a review of the instant Complaint, the Plaintiff makes bald conclusory assertions that his rights were violated under the First and Fourteenth Amendments to the Constitution. However, those conclusory assertions do not provide a factual basis for determining how the

> Defendants violates the Plaintiff's constitutional rights. Such allegations are plainly conclusory in nature and simply allege that the plaintiff was unlawfully harmed and nothing more. These allegations are not entitled to a presumption of truth. Even if they were to be accepted as true, they do not show that the plaintiff is entitled to relief.

(Defs.' Br., at 14.) In fact, Officer Griffin's Complaint alleges many specific facts related to his allegations against Chief Connell. Defendants' motion, however, provides no particularized argument for why these allegations fail to state a claim, and it cites no case law with respect to the claims against Chief Connell. In essence, Defendants have merely presented to this Court a motion stating that Officer Griffin has failed to state a § 1983 claim against Chief Connell and left this Court to sort out the rest. While the Court could deny the present motion with regard to the § 1983 claim against Chief Connell on this basis alone, in the interest of judicial economy and completeness, the Court will analyze this claim.

To state a claim under 42 U.S.C. § 1983, a "plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997). Thus, § 1983 is not a source of substantive rights, but provides only a vehicle for vindicating the violation of other federal rights. See id., at 906-07. Officer Griffin's § 1983 claim against Chief Connell appears to have four separate bases: a claim for violation of his Fourteenth Amendment substantive due process rights,[1] a claim for violation of his Fourteenth Amendment procedural due process rights, a claim for violation of his liberty interests, and a claim for violation of his First Amendment rights.

---

[1] Officer Griffin states a substantive due process claim in Count II, the § 1983 claim against the Township, but states in paragraph 27 that the Township and [Chief Connell] violated this right. Neither party briefed this claim, but in the interest of completeness the Court will address this issue.

      1.      <u>Substantive Due Process</u>

"[F]or a property interest to be protected for purposes of substantive due process, it must be 'fundamental' under the United States Constitution." <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 234 n.12 (3d Cir. 2006). Thus, whether the right is fundamental is "not answered by reference to state law." <u>Id.</u> The Third Circuit has previously found that "a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process." <u>Nicholas v. Penn. State Univ.</u>, 227 F.3d 133, 142 (3d Cir. 2000) (quoting <u>Singleton v. Cecil</u>, 176 F.3d 419, 425-26 (8th Cir. 1999) (en banc)). Officer Griffin's Complaint focuses on his interest in his civil service employment; he has failed to assert an interest that is fundamental. Therefore, this claim is dismissed with prejudice.

      2.      <u>Procedural Due Process</u>

Chief Connell does not argue that he is not a state actor or that the actions focused on by Officer Griffin were not done under color of state law. Therefore, this Court focuses on whether Officer Griffin has been deprived of a constitutionally protected right. Procedural due process involves notice and the right to be heard before any significant deprivation of a protected right. <u>See</u> <u>Abbott v. Latshaw</u>, 164 F.3d 141, 146 (3d Cir. 1998) (internal citations omitted). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." <u>Hill</u>, 455 F.3d at 233-234 (3d Cir. 2006) (internal quotations omitted). The essence of Officer Griffin's procedural due process claim is an allegation that (1) Chief Connell initiated an Internal Affairs investigation against him in order to harass and

disparage him, that (2) during the investigation he was never given any opportunity to be heard, present evidence, or otherwise challenge the complaint, that (3) the outcome of the investigation was a ruling of "sustained," a finding indicating that he was guilty of the complained criminal offense, and that (4) such a finding damages the property interest he has in his civil service employment with the police department and also affects his potential employment opportunities outside of the police department.

"A property interest in employment exists where state law supports a claim of entitlement to continued employment." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1078 (3d Cir. 1990) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)); see also Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997). Under New Jersey law:

> No permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed, fined or reduced in rank from or in office, employment, or position therein, except for just cause as hereinbefore provided and then only upon a written complaint setting forth the charge or charges against such member or officer.

N.J. Stat. Ann. § 40A:14-147. Thus, Officer Griffin "undoubtedly [has] a property interest in his position" with the Township police department. Kelly, 107 F.3d at 1077. Additionally, if the adverse actions he has alleged are encompassed within this property right, then, for purposes of a motion to dismiss, he has sufficiently alleged that he was deprived of due process because he has asserted in his Complaint that he had no opportunity to be heard, in a hearing or otherwise, before the charges against him were "sustained."

Although his Complaint broadly asserts that he has lost "employment opportunities

within and outside the police department and in law enforcement" as a result of the sustained finding (see Compl. ¶ 17), it does not allege that he ever was "suspended, removed, fined, or reduced in rank," actually or constructively, or that his compensation was reduced, see Kelly, 107 F.3d at 1077; Clark v. Township of Falls, 890 F.2d 611, 617-18 (3d Cir. 1989). His Complaint provides no detail of any specific adverse consequence to his police department employment that he has suffered because of the sustained finding.[2] He has not sufficiently plead a protected property loss related to his current employment with the police department. Nor has he provided any basis for a protected property interest in work outside the police department.

      Finally, to the extent that Officer Griffin may be alleging that his due process rights were violated because the Attorney General guidelines indicated that he should be given some opportunity to be heard, even if only through an interview, this allegation also does not sufficiently plead a deprivation of a protected property right. "A property interest is no more created by the mere fact that a state has established a procedural structure than is a liberty interest." Clark, 890 F.2d at 620 n.4 ( noting that "the Township [in that case] had an ongoing recognized practice and procedure of affording a police officer an opportunity to respond to an internal investigation"). Therefore, Officer Griffin's § 1983 claim against Chief Connell based on a procedural due process violation is dismissed. However, because his allegations are not clear regarding the actual adverse employment actions he is alleging are the result of the sustained finding, the claim will be dismissed without prejudice.

---

[2] Officer Griffin attaches to his opposition brief an expert report that discusses possible damages to his employment from the finding, but neither this report nor these specific allegations were included in his Complaint. He may not amend his Complaint through his opposition brief. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

   3.  Liberty Interest

  Officer Griffin also alleges damage to his reputation from the alleged inappropriate publication of the Internal Affairs report by Chief Connell and its inclusion in his personnel file, which will also require future harmful publication related to criminal prosecutions in which he is involved as an officer.  But, "reputation alone is not an interest protected by the Due Process Clause."  Id., at 619 (discussing the holding in Paul v. Davis, 424 U.S. 693 (1976)).  Instead, "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"–"the 'stigma-plus' test."  Hill, 455 F.3d 236.  Here, Officer Griffin "has failed to show that [the alleged] defamatory remarks and actions were conjoined with the alteration or extinguishment of any interest created or protected by the Constitution or state law."  Clark, 890 F.2d at 620.  As held above, Officer Griffin has failed to sufficiently allege the deprivation of a protected property right.  Additionally, any allegations of loss of future employment opportunities within or without the police department do not provide the additional interest necessary to elevate a state defamation claim to a constitutional claim.  Id.  Finally, his Complaint does not assert that the alleged defamatory actions were related to his alleged First Amendment claim, which has as its basis retaliation for filing a notice of claim, as discussed below.  Therefore, as currently plead, his claim based on damage to his reputation does not rise above the level of a common law defamation claim; he has insufficiently plead a constitutional violation claim based on damage to his reputation.  See Kelly, 107 F.3d at 1078.  Therefore, Officer Griffin's liberty interest claim is also dismissed without prejudice.

    4.    <u>First Amendment</u>

Officer Griffin also alleges that Chief Connell violated his First Amendment rights by retaliating against him because he filed a notice of claim upon Defendants "alert[ing] [them] of his intent to seek judicial redress in a court of law" for "defamation and other common torts." (Compl. ¶¶ 21-22.) He asserts that Chief Connell retaliated against him by, among other things, "depriving him of favorable work assignments, details and benefits normally confer[red] upon a police officer of his rank and experience." (<u>Id.</u> at ¶ 22.) "To state a claim for a violation of First Amendment rights, Officer Griffin must allege that he engaged in "protected First Amendment activity" and this activity "was a substantial factor" motivating Chief Connell's alleged retaliation against him. <u>Bradley</u>, 913 F.2d at 1075 (Cir. 1990); <u>see also</u> <u>Springer v. Henry</u>, 435 F.3d 268, 275 (3d Cir. 2006). Protected activity under the First Amendment includes the "right 'to petition the Government for a redress of grievances.'" <u>Bradley</u>, 913 F.2d at 1075 (quoting U.S. Const. amend. I.).

Officer Griffin has alleged that his attorney sent a letter on his behalf to the Defendants setting forth his potential claims against Defendants and informing them of his intention to file suit against them. Courts have held that the First Amendment Petition Clause protects not only the filing of lawsuits, but also encompasses a public employee's announcement of an intention to file a lawsuit. <u>See, e.g.</u>, <u>Anderson v. Davila</u>, 125 F.3d 148, 162 (3d Cir. 1997); <u>see also</u> <u>Bradshaw v. Twp. of Middletown</u>, 296 F. Supp. 2d 526, 546 (D.N.J. 2003) (holding that a plaintiff's allegation that he was retaliated against after informing his supervisor that he planned to file a lawsuit stated a claim under the Petition Clause). The Court finds that this claim has been sufficiently plead for purposes of a motion to dismiss and that, therefore, dismissal of this

claim is not warranted at this stage. Defendants' motion to dismiss this claim is denied.

      C.      **Section 1983 Claim Against the Township**

Office Griffin claims that the Township is liable under § 1983 for the constitutional violations committed by Chief Connell as an alleged policy-maker and for failing to adequately train him and other employees. Municipal bodies, such as the Township, may only be held liable under § 1983 in limited circumstances. For example, the Township may not be held liable under § 1983 simply under a theory of respondeat superior. See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 691 (1978); Hill, 455 F.3d at 245. Instead, the Township will be subject to § 1983 liability if a municipal policy or custom caused Officer Griffin's constitutional deprivations, see Monell, 436 U.S. at 694, if "authorized policymakers approve a subordinate's decision and the basis for it," Brennan v. Norton, 350 F.3d 399, 427 (3d Cir. 2003), or "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). As this Court has found that Officer Griffin has sufficiently plead only a violation of his First Amendment rights, the Court addresses the Township's potential liability only with respect to that claim.

      1.      <u>Policy-Maker Liability</u>

A history of a policy or custom is not always necessary to state a Monell claim; "an unconstitutional policy [may] be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business." Brennan, 350 F.3d at 428 (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)); see also Bradshaw, 296 F. Supp. 2d at 548-49 (holding that a plaintiff stated a § 1983 claim against a township where he

alleged that employees with policy-making authority retaliated against him in violation of his First Amendment rights). Officer Griffin has alleged that Chief Connell is a policy-maker–he is the Chief of Police for the Township. Additionally, this Court found above that Officer Griffin has adequately plead, for purposes of a motion to dismiss, that Chief Connell violated his First Amendment rights. Thus, the Court also will allow Officer Griffin's Monell claim against the Township based on a theory of policy-maker liability to proceed at this time. Defendants' motion to dismiss this claim is denied.

      2.      Failure to Train Liability

"[A] § 1983 claim must identify a failure to provide specific training that has a causal nexus with [the plaintiff's] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz, 125 F.3d at 145. With respect to this claim, Officer Griffin simply alleges in his Complaint: "Pursuant to official policy or custom and practice, [the] Township of Clark intentionally, knowingly, or with deliberate indifference to the rights of the Plaintiffs failed to train, instruct, supervise, control and/or discipline . . . Defendant Chief Connell and other officials, known and unknown, in the performance of their duties." (Compl. ¶ 29.) This bare allegation lacks the requisite specificity required by Iqbal to survive a motion to dismiss. Officer Griffin's Monell claim based on this theory is dismissed without prejudice.

      **D.**      **Defamation Claim**

Mr. Griffin brings a defamation claim against Chief Connell for his alleged publication and dissemination of the allegedly confidential Internal Affairs report. In their motion to dismiss this claim, Defendants merely assert: "This tort is a state claim and clearly not cognizable in

District Court[, and] [d]efamation by state actors is not actionable under § 1983 . . . ." (Defs.' Br., at 16.)  Although Officer Griffin has brought a § 1983 claim for damage to his reputation, his defamation claim in Count III appears to be a common law defamation claim.  Contrary to Defendants' position, state law claims are cognizable in this Court where the Court properly has jurisdiction over the case, as this Court held above that it does here.  See 28 U.S.C. § 1367.  Defendants do not make any arguments in their motion attacking the merits of this claim.  Therefore, Defendants' motion to dismiss this claim is denied.

      E.      **State Constitutional Tort Claim**

Officer Griffin's Complaint asserts: "[The] Township of Clark, by and through its elected officials, has deprived Plaintiff of his constitutional right to pursue and obtain happiness and acquire, possess, and protect his property interests in his civil service employment afforded under Section 1 of the Constitution of the State of New Jersey."  (Compl. ¶ 38.)  The New Jersey Constitution provides: "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."  N.J. Const. Art. 1, Para. 1.  This Court held above that Officer Griffin has not sufficiently plead a violation of a protected property interest as defined by New Jersey law.  His Complaint provides no indication what, if any, additional protection this New Jersey constitutional provision affords him as applied to the facts he has alleged.  Therefore, the Court also dismisses this claim without prejudice.

**IV.**      **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in

part.  It is granted with respect to Officer Griffin's (1) § 1983 claims against Chief Connell based on substantive and procedural due process and liberty interest grounds, (2) § 1983 Monell claim against the Township based on a failure to train theory, and (3) state constitutional tort claim. His substantive due process claim is dismissed with prejudice; his other dismissed claims are dismissed without prejudice to him to file an amended complaint to cure the deficiencies. Defendants' motion is denied to the extent they argue that this Court lacks subject matter jurisdiction over the case.  It is also denied with respect to Officer Griffin's (1) § 1983 claim against Chief Connell based on a violation of his First Amendment rights, (2) § 1983 Monell claim against the Township based on Chief Connell's actions as a policy-maker, and (3) common law defamation claim against Chief Connell.  An appropriate Order accompanies this Opinion.

DATED: January 22, 2010            /s/ Jose L. Linares
                                   JOSE L. LINARES
                                   UNITED STATES DISTRICT JUDGE