**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF CLARK, et al.,<br><br>Defendants. | Civil Action No. 09-4853 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants' Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [CM/ECF No. 94]. The Court has considered the submissions made in support of and in opposition to Defendants' motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Defendants' motion is GRANTED, and the Complaint is dismissed in its entirety without prejudice to Plaintiff's right to refile in state court.

I.  FACTUAL AND PROCEDURAL BACKGROUND

As the Court writes only for the parties, and has extensively set out the facts of this case in prior opinions (*see, e.g.,* CM/ECF Nos. 9, 53), only the facts germane to the instant motion will be set forth below.

On September 22, 2009, Plaintiff Glenn Griffin ("Plaintiff" or "Griffin") filed a four-count Complaint against Defendants Township of Clark and Denis E. Connell (collectively "Defendants"). This Complaint asserted the following claims: (1) a claim against Denis E.

1

Connell under 42 U.S.C. § 1983; (2) a claim against the Township of Clark under 42 U.S.C. § 1983; (3) a defamation claim against Connell; and (4) a New Jersey constitutional tort claim against the Township of Clark.

On November 23, 2009, Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On January 22, 2010, this Court granted Defendants' motion with respect to (1) Plaintiff's § 1983 claim against Connell to the extent it was based on alleged violations of Plaintiff's constitutional rights of substantive and procedural due process; (2) Plaintiff's § 1983 claim against the Township to the extent it was based on a failure to train theory; and (3) Plaintiff's state constitutional tort claim. The motion was denied with respect to (1) Plaintiff's § 1983 claim against Connell to the extent it was based on an alleged violation of Plaintiff's First Amendment rights; (2) Plaintiff's § 1983 claim against the Township to the extent it was based on Connell's actions as a policy-maker; and (3) Plaintiff's common law defamation claim against Connell. The motion was also denied to the extent that Defendants argued that this Court lacked subject matter jurisdiction, as the Court concluded that it had federal question jurisdiction over the § 1983 claims, and supplemental jurisdiction over the state claims. [*See* CM/ECF No. 9 at 6.]

As a result of the June 20, 2011 U.S. Supreme Court decision in *Borough of Dureya, Pa. v. Guarnieri*, 131 S. Ct. 2488 (2011), Plaintiff concluded that he could no longer sustain his § 1983 claims, and ultimately stipulated to their dismissal with prejudice. (CM/ECF No. 76.) Plaintiff moved to amend his Complaint to substitute his § 1983 claims with claims under the Free Speech and Petitioner clauses of the New Jersey Constitution on March 14, 2012. (CM/ECF No. 71.) This Court granted Plaintiff's motion for leave to amend on August 13, 2012. (CM/ECF No. 87.)

2

On August 15, 2012, Plaintiff filed an Amended Complaint asserting three causes of action: (1) a claim against Connell for an alleged violation of the Free Speech Clause of the New Jersey Constitution; (2) a claim against the Township for an alleged violation of the Petition Clause of the New Jersey Constitution; and (3) a common law defamation claim against Connell. On August 24, 2012, Defendant filed the instant motion to dismiss Counts I and II of the Amended Complaint for their purported failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Because the Court considers the issue of subject matter jurisdiction dispositive as to the entirety of the Amended Complaint, it will not address Defendant's argument that Counts I and II of the Amended Complaint fail to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and thus may adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; *see also Philadelphia Federation of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Federal courts have a continuing obligation to raise the issue of subject matter jurisdiction *sua sponte* when it is in question. *See, e.g., Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) ("Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction"). Pursuant to Fed. R. Civ. P. 12(h)(3), a court must dismiss a complaint if "it determines that it lacks subject matter jurisdiction."

## III. DISCUSSION

Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In relevant part, the supplemental jurisdiction statute provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

3

> jurisdiction over all other claims **that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution** . . . The district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added).

The supplemental jurisdiction statute does not provide federal courts with an independent basis of subject matter jurisdiction. *See Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 299-300 (3d Cir. 2003) ("[A]bsent jurisdiction over the federal claim, the District Court did not have supplemental jurisdiction over . . . [the plaintiff's] state law claims"); *see also MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995) (holding that district court could not exercise supplemental jurisdiction over state claims because there was no accompanying federal claim "sufficient to confer subject matter jurisdiction on the court"). A court's exercise of supplemental jurisdiction is appropriate only so long as "the supplemental matters are deemed to involve or relate to the same controversy as to matters properly before the federal court." *See Peter Bay Homeowners Ass'n v. Stillman*, 294 F.3d 524 (3d Cir. 2002).

In this case, the Amended Complaint asserts only state causes of action, and does not assert any federal claim "sufficient to confer subject matter jurisdiction on the court." Indeed, none of the claims in the Amended Complaint are within this Court's original jurisdiction. Thus, there is no basis upon which this Court may exercise supplemental jurisdiction over any of the claims in the Amended Complaint.

Even assuming, *arguendo*, that this Court could assert supplemental jurisdiction over the Amended Complaint by virtue of Plaintiff's having previously asserted federal causes of action in the Original Complaint, this Court would decline to do so because these previously asserted federal claims are no longer before the Court. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, **IT IS** on this ___17___ day of September, 2012

**ORDERED** that Counts I, II, and III of the Amended Complaint are dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that Plaintiff may pursue his state claims in state court.

**SO ORDERED.**

JOSE L. LINARES
U.S. DISTRICT JUDGE